**Norman SHELTON, Appellant**

v.

**S.E. THOMAS; U.S. Attorney General.**

**No. 13–2409.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 23, 2013.

Opinion filed: Sept. 24, 2013.

Norman Shelton, Lewisburg USP, PA, pro se.

Michael J. Butler, Esq., Michael J. Butler, Esq., Mark E. Morrison, Esq., Office of United States Attorney, Harrisburg, PA, for Defendant–Appellee.

Before: JORDAN, GREENAWAY, Jr. and SCIRICA, Circuit Judges.

OPINION

PER CURIAM.

Appellant Norman Shelton is a federal prisoner incarcerated in USP Lewisburg; he has been held in the Special Management Unit (SMU), he alleges, since August 27, 2009. Proceeding pro se, he filed a 28 U.S.C. § 2241 habeas corpus petition attacking his continued confinement in the SMU. Shelton requested release from the SMU, money damages, and that a criminal indictment be filed against a prison official. The District Court dismissed Shelton's petition, holding that his claims were not properly brought in a § 2241 petition, and Shelton appealed. We have jurisdiction to review the District Court's judgment under 28 U.S.C. §§ 1291 and 2253(a).

The District Court correctly determined that Shelton's § 2241 petition does not challenge the basic fact or duration of his imprisonment, which is the "essence of habeas." *Preiser v. Rodriguez,* 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). While it is true that we have held that § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," *Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 241 (3d Cir.2005) (internal quotation marks omitted), "to challenge the execution of his sentence under § 2241, [a petitioner] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment," *Cardona v. Bledsoe,* 681 F.3d 533, 537 (3d Cir.2012). Shelton has made no such allegation; instead, he argues that he has been held in the SMU for longer than

federal law permits and in violation of his due process rights. Thus, as in *Cardona,* "the District Court correctly dismissed his petition for lack of subject matter jurisdiction." *Id.* at 537.[1]

We will therefore affirm the District Court's judgment.

1. Principles of preclusion also bar Shelton's action. He previously filed a materially indistinguishable action in the District Court, which the District Court dismissed for lack of jurisdiction. He then appealed to this Court, and we affirmed. *See* C.A. No. 13–1586. Although res judicata does not inevitably bar a second action when the first action was dismissed for lack of jurisdiction, *see Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances,* 723 F.2d 357, 360 (3d Cir. 1983), a party is precluded from relitigating "matters actually adjudged" in the first case, *Bromwell v. Mich. Mut. Ins. Co.,* 115 F.3d 208, 212 (3d Cir.1997) (internal quotation marks omitted). Therefore, the ruling in Shelton's first case that his challenge to his placement in the SMU is not cognizable under § 2241 bars his attempt in this case to bring the same claim under the same statute.